# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF HENRY PETER KORPUSIK, II, Deceased, | : | No. 3:10cv1623 |
| **Plaintiff** | : | (Judge Munley) |
| v. | : | |
| SIMONE SANTARSIERO, | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court for disposition is a motion to remand filed by the plaintiff. The motion has been fully briefed and is ripe for disposition.

**Background**

Henry Peter Korpusik, II, was married to Defendant Simone Santasiero from June 8, 2002 until they were divorced on August 8, 2006. (Doc. 1-2, Compl. ¶ 3). In July 2006, they entered into a "Marriage Dissolution Agreement." (Id. at ¶ 6). Under the agreement, the parties released certain claims that each party might in the future have against the other. (Id. ¶¶ 8 - 9). Approximately a year and a half later, on January 18, 2008, Korpusik passed away intestate. (Id. ¶ 9). At the time of his death, the decedent had been paying premiums and maintaining a life insurance policy. (Id. ¶ 11). During their marriage, defendant was the beneficiary under the policy and the decedent never changed the beneficiary from the date of the divorce to the date of his death. (Id.) The life insurance policy paid the policy proceeds to the defendant despite the Marriage Dissolution Agreement and release of claims. (Id. ¶ 16). The proceeds amounted to approximately $160,000.00. (Id. ¶ 18).

Also during the marriage, decedent and defendant maintained a safe deposit box at First National Community Bank in Clarks Green, Pennsylvania. (Id. ¶ 23). Pursuant to the property distribution agreement,

upon the divorce, decedent maintained possession off all personal property in the box and retained both keys to the box. (Id. ¶¶ 22 - 23). He failed, however, to remove defendant's name from bank records, and the bank will not acknowledge that the contents were decedent's property without defendant's consent or a court order. (Id. ¶¶ 23, 27). Defendant refuses to cooperate with plaintiff with regard to the safe deposit box. (Id. ¶ 29).

Based upon these assertions, plaintiff filed a breach of contract action in the Lackawanna County Court of Common Pleas. (Doc. 1-2, Compl.). The complaint asserts that defendants actions with regard to the life insurance proceeds and the safe deposit box are a breach of the Marriage Dissolution Agreement.

On August 10, 2010, the defendant removed the case to this court. The basis of removal is federal question jurisdiction. The defendant asserts that the insurance policy at issue is governed by federal law, to wit, the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C.A. § 1001 *et seq*. (Doc. 1, ¶ 3). After removing the case, defendant filed a motion to dismiss pursuant to Rules 12(b)(6) and (7) of the Federal Rules of Civil Procedure (Doc. 2). Plaintiff then field a motion for remand. (Doc. 7), bringing the case to its present posture.[1]

**Standard of review**

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert. denied sub nom Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993).

---

[1] Due to our conclusion with regard to the motion to remand, we will not discuss the motion to dismiss.

Generally, a defendant can remove a civil action that was filed in state court if the federal court would have had original jurisdiction to address the matter. 28 U.S.C. § 1441. Once a case is removed, the federal court may remand if the court determines that it lacks federal subject matter jurisdiction. 28 U.S.C. § 1447(c).[2] Removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The burden of establishing jurisdiction in the removal situation rests with the defendant. Meritcare Inc. v. St. Paul Mercury, Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999).

**Discussion**

In deciding a motion to remand, we first examine the complaint. Under the well-pleaded complaint rule, a plaintiff may avoid federal court jurisdiction by alleging solely state law causes of action. Campbell v. SmithKline Beecham, 919 F. Supp. 173, 175 (E.D. Pa. 1996). The Third Circuit Court of Appeals has explained as follows:

> our inquiry as to the presence of federal jurisdiction is not on the basis of how a complaint could have been structured or of what theory was eventually relied upon at trial.... [W]e perceive our task to require an examination of "the face of the complaint" for a federal question. Generally speaking, the nature of plaintiffs' claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed.

Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir. 1979) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).

---

[2] In pertinent part, 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The face of the plaintiff's complaint raises strictly state law breach of contract issues; no federal causes of action are pled. (See generally Doc. 1-2, Compl.). Our inquiry, however, does not end here. An exception to the well-pleaded complaint rule exists; the "artful pleading doctrine." This doctrine applies where a plaintiff actually seeks to pursue a federal cause of action, but couches it in terms of state law so as to avoid federal jurisdiction. Thus, the complaint is not "well-pleaded." Id. In other words,

> a plaintiff may not defeat removal by omitting to plead necessary federal questions. If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim.

Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998).

In the instant case, defendant asserts that the plaintiff has artfully pleaded the complaint to avoid federal jurisdiction. Defendant argues that the complaint deals with the life insurance policy proceeds, which were paid to defendant. In order to determine who is entitled to the insurance policy proceeds, federal law must be examined because the policy is governed by federal ERISA law.

Plaintiff, on the other hand, alleges that he does not base his cause of action upon the life insurance policy. The court agrees with the plaintiff. The complaint is based on the Marriage Dissolution Agreement. Defendant violated this agreement by accepting and retaining the life insurance policy proceeds, according to the plaintiff. The insurance company is not a party, and the plaintiff does not seek the proceeds of the policy based upon the policy's language. Rather, the plaintiff seeks the proceeds of the policy based upon the Marriage Dissolution Agreement. It

4

does not appear to the court that the plaintiff seeks to pursue a federal cause of action couched in terms of state law so as to avoid federal jurisdiction.

Accordingly, we find no federal cause of action around which plaintiff has artfully pled, and this case shall be remanded to the Court of Common Pleas for Lackawanna County. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF HENRY PETER KORPUSIK, II, Deceased, | : | No. 3:10cv1623 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| SIMONE SANTARSIERO, | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 8th day of March 2011, the plaintiff's motion to remand (Doc. 7) is hereby **GRANTED**. The clerk of court is directed to remand this action to the Court of Common Pleas for Lackawanna County, Pennsylvania.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**